McCALEB, Justice
 

 (concurring).
 

 The principal contention in this case is one of fact, viz., whether the conveyance to Mr. Stiles was for professional services performed and to be performed or whether
 
 *691
 
 it was contingent upon his success in securing the cancellation of the mineral lease.
 

 Since the majority opinion finds the fact to be that the transfer of the mineral interest was contingent upon Mr. Stiles obtaining a cancellation of the lease, the judgment in plaintiff’s favor is proper as the defendant is admittedly unable to fulfill the condition. Articles 2021, 2028, 2037, 2045 and 2046 of the Civil Code.
 

 I do not, however, subscribe to the dictum that the agreement is ineffective “because there was an error of fact as to the principal cause and motive for making the contract” resulting from plaintiff’s mistaken belief that the delay rentals due under the mineral lease had not been paid by the as-signee. Under this view, valuable services of an attorney could be obtained without recompense if the client acts under an erroneous belief respecting the facts upon which the cause of action is predicated.
 

 The codal articles and adjudications cited in support of the theory are without pertinence to the case for — here, there is no error respecting the employment or the motive therefor; the error existed in plaintiff’s mistaken belief of fact that the mineral lessee was in default. I find it difficult to perceive how this error would have affected Mr. Stiles’ right to the agreed compensation, if the conveyance to him had not been contingent on the success of the lawsuit against the mineral lessee.
 

 I concur in the decree.